**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**KRISTEN MENDEZ**                                                                                **PLAINTIFF**

**VS.**                                                                   **CIVIL ACTION NO.: 3:26-cv-117-JDM-JMV**

**JACK STOLLER and
DAWN HILL-KEARSE**                                                                         **DEFENDANT**

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
RECOMMENDING DISMISSAL**

This matter is before the court on a motion to proceed in forma pauperis [Dkt. 2] by Kristen Mendez. After due consideration, the Court finds that the motion to proceed in forma pauperis is well taken and is **GRANTED.** However, service of the same is withheld as the court, *sua sponte*, reviews this *pro se* pauper status complaint for consideration of recommendation of dismissal for such failure to state a claim on which relief can be granted as to amount to frivolity pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to state any factual basis for federal court jurisdiction.

28 U.S.C. § 1915(e)(2)(B) imposes a screening responsibility on the district court when the plaintiff has been granted pauper status. That section provides in relevant parts as follows:… the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Plaintiff's complaint reads in its entirety: "1. Defendant Dawn Hill-Kearse delayed work, 2. Defendant Jack Stoller tolerated misconduct. 3. The award shall be decided by the Court. Kristen Mendez, sworn under penalty of perjury above is true and correct." [Dkt. 1].

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A cause of action fails to state a "claim upon

which relief can be granted" if, *inter alia*, it fails to comply with the requirements of Rule 8(a)(2). *Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.,* 201 F. App'x 988, 990 (5th Cir. 2006). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Rule 8 demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is frivolous, and therefore subject to dismissal under Section 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). A court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *See Neitzke*, 490 U.S. at 327; 28 U.S.C. § 1915(e).

In this case, without *any* coherent factual allegations, it is impossible to determine that Plaintiff's claim is anything other than frivolous. In fact, a brief, non-exhaustive search using the Bloomberg Law database shows that Plaintiff has filed identical complaints against the same defendants in nineteen other district courts across the nation over the past three days.[1] This duplicative

---

[1] A review of other court dockets indicates at least the following complaints: *Mendez v. Stoller et al,* Docket No. 8:26-cv-00221 (D. Neb. May 12, 2026); *Mendez v. Hill-Kearse et al,* Docket No. 3:26-cv-00193 (D. Alaska May 12, 2026); *Mendez v. Stoller et al*, Docket No. 4:26-cv-00486 (E.D. Ark. May 12, 2026); *Mendez v. Stoller et al*, Docket No. 3:26-cv-00117 (N.D. Miss. May 12, 2026); *Mendez v. Hill-Kearse et al*, Docket No. 3:26-cv-00624 (M.D. Tenn. May 12, 2026); *Mendez v. Stoller et al*, Docket No. 1:26-cv-01566 (W.D. Mich. May 12, 2026); *Mendez v. Stoller et al*, Docket No. 3:26-cv-00379 (W.D.N.C May 12, 2026); *Mendez v. Stoller et al*, Docket No. 1:26-cv-00156 (D.N.D. May 12, 2026); *Mendez v. Hill-Kearse et al*, Docket No. 1:26-cv-12142 (D. Mass. May 12, 2026); *Mendez v. Stoller et al*, Docket No. 1:26-cv-01523 (D.N.M. May 11, 2026); *Mendez v. Stoller et al*, Docket No. 8:26-cv-01875 (D. Md. May 11, 2026); *Mendez v. Stoller et al*, Docket No. 1:26-cv-02650 (N.D. Ga. May 11, 2026); *Mendez v. Stoller et al*, Docket No. 4:26-cv-00281 (N.D. Okla. May 11, 2026); *Mendez v. Stoller et al*, Docket No. 5:26-cv-01071 (W.D. Okla. May 11, 2026); *Mendez v. Stoller et al*, Docket No. 3:26-cv-00340 (D. Nev. May 11, 2026); *Mendez v. Stoller et al*, Docket No. 1:26-cv-00436 (M.D.N.C. May 11, 2026); *Mendez v. Stoller et al*, Docket No. 2:26-cv-00209 (E.D. Wash. May 11, 2026); *Mendez v. Stoller et al*, Docket No. 1:26-cv-00081 (W.D. Ky. May 11, 2026); *Mendez v. Hill-Kearse et al*, Docket No. 2:26-cv-00366 (M.D. Ala. May 11, 2026); *Mendez v. Stoller et al*, Docket No. 1:26-cv-00296 (D.R.I. May 11, 2026).

filing of complaints across multiple districts indicates a pattern of vexatious litigation that wastes judicial resources and can result in sanctions to the filer. *See Emrit v. Bd. of Immigr. Appeals*, No. 2:22-CV-00110, 2022 WL 4287659, at *1 (S.D.W. Va. Mar. 31, 2022), report and recommendation adopted, No. 2:22-CV-00110, 2022 WL 3594518 (S.D.W. Va. Aug. 23, 2022).

Based on the foregoing, this Court recommends that Plaintiff's complaint be DISMISSED for failure to state a claim and frivolity pursuant to 28 U.S.C. § 1915(e)(2)(B), and for a lack of any facts to support federal jurisdiction.

Procedure for Objections

The *pro se* Plaintiff is referred to L.U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within (14) fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SO ORDERED and respectfully submitted, this the 13th day of May, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**